UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MARK TYSON, Plaintiff,

v.

DAN BEDWELL, Defendant.

No. 2:20-cv-00483-JPH-MJD

**Order Dismissing Complaint and Opportunity to Show Cause**

**I. Filing Fee**

The Court acknowledges the plaintiff's letter received on November 16, 2020, regarding the payment of the filing fee. Dkt. 12. The Court received the plaintiff's partial payment on November 10, 2020, and will separately issue a collection order to facilitate payment of the remainder of the fee. Dkt. 13.

**II. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**III. Dismissal of the Complaint**

The complaint names one defendant, Dan Bedwell, and raises the following factual allegations. On July 22, 2020, the plaintiff found a rock in his food at breakfast. Defendant Bedwell is the supervisor of Aramark, the company that contracts with the Indiana Department of Correction to provide inmate meals. Defendant Bedwell is supposed to watch inmates making the food to "make sure things like this don't happen [be]cause the plaintiff Tyson could [have] broke or lost a tooth." Dkt. 1 at 2-3. The plaintiff does not allege that he was injured, but the incident caused him emotional distress. He seeks punitive damages.

The plaintiff's claims against Dan Bedwell are **dismissed** for failure to state a claim upon which relief can be granted. The plaintiff alleges that defendant Bedwell is responsible for the rock in the plaintiff's breakfast because defendant Bedwell supervises the inmates that prepare inmate meals. But § 1983 "does not authorize 'supervisory liability.'" *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Instead, it "creates liability only for a defendant's personal acts or decisions." *Id*. The plaintiff does not allege that the defendant personally prepared the plaintiff's breakfast tray.

For this reason, the plaintiff's complaint must be **dismissed**.

**IV. Opportunity to Show Cause**

The plaintiff shall have **through December 21, 2020,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014,

1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**SO ORDERED.**

Date: 11/20/2020

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK TYSON
127906
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838