UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARK TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00483-JPH-MJD |
| | ) | |
| DAN BEDWELL, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO AMEND COMPLAINT,
ASSESSING A STRIKE, AND DIRECTING ENTRY OF FINAL JUDGMENT**

This action is dismissed for failure to state a claim. The Order of November 20, 2020, dismissed the operative complaint because the plaintiff did not state a viable claim against the defendant. Dkt. 14. The plaintiff was given a period of time in which to attempt to cure the deficiencies noted in that Order.

The plaintiff responded, and later moved to file an amended complaint, but neither his response nor the proposed amended complaint cure the deficiencies noted in the Court's Order. The plaintiff's proposed amended complaint names additional defendants and alleges that they were deliberately indifferent to the risk of both physical and mental harm when they failed to properly supervise the preparation of breakfast trays which resulted in the plaintiff's discovery of rocks in his meal on July 22, 2020. Dkt. 18-1. The plaintiff discovered the rocks before eating and was therefore not physically injured. But he alleges that he has suffered psychologically. He is afraid to eat and picks through his food trays, presumably to confirm that no foreign objects are present.

The proposed amended complaint raises no factual allegations that the defendants were aware of the rocks in the plaintiff's food, so they could not have been deliberately indifferent to any risk posed by the presence of the rocks. Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The facts alleged in the proposed amended complaint also fail to state an Eighth Amendment conditions of confinement claim.

> In cases involving the conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: first, an objective showing that the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety— and second, a subjective showing of a defendant's culpable state of mind.

*Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (internal citations and quotation omitted). The plaintiff's allegations fail to show that he suffered any deprivation of life's necessities or that any defendant knowingly sought to deprive him of such.

The plaintiff's factual allegations do not support a constitutional claim against any of the defendants because his alleged psychological harm is not sufficiently serious. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends upon the claim at issue." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Excessive force claims do not require significant injury, while conditions of confinement claims—such as plaintiff's claim in this case—require "extreme deprivations." *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997) (citation and quotation marks omitted). For a conditions of confinement claim, purely psychological injuries typically do not meet this standard. *Id.*; *Babcock v. White*, 102 F.3d 267, 271 (7th Cir. 1996).

However, in *Welborn* and *Babcock*, the Seventh Circuit did not entirely foreclose claims where no physical injury occurred. They held instead that the plaintiffs in those cases could not establish the injury element because they did not provide evidence of "physical harm *nor the kind of extreme and officially sanctioned psychological harm* that might support a claim for damages under the Eighth Amendment." *Welborn*, 110 F.3d at 524 (emphasis added); *see Babcock*, 102 F.3d at 273 (holding that the plaintiff's "allegations of deliberate indifference do not exemplify the egregious conduct" causing psychological harm "sufficient to entitle him to damages under the Eighth Amendment"); *see also Whiteside v. Pollard*, 481 Fed. Appx. 270, 272 (7th Cir. 2012) (holding that the plaintiff did not present evidence that the defendants exposed him to a risk of harm "out of malice, which [he] needed to demonstrate in order to establish a failure-to-protect claim"); *Age v. O'Brien*, 2000 WL 307396, *2 (7th Cir. Mar. 23, 2000) ("Though [the plaintiff] may fear an assault by the Mexican Mafia or others, a successful claim for damages under the Eighth Amendment requires proof of obvious physical injury or of extreme and officially-sanctioned psychological harm, neither of which is present here."); *but see Saunders v. Tourville*, 97 Fed. Appx. 648, 649 (7th Cir. 2004) (holding that the defendant correctional officer did not violate the Eighth Amendment by telling other inmates that the plaintiff "was a snitch, thereby placing him at risk of assault" because the risk of an assault never materialized; "[t]he standard in this circuit is clear: an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment").

Finding a rock in one's food before eating it, on one occasion, even if one is aware of the same thing happening to other inmates on occasion, is not an "extreme deprivation," *Doe* at 524 (quoting *Hudson v. McMillian*, 503 U.S.1, 9 (1992)), or "psychological torture," *Babcock* at 273.

3

To the extent the proposed amended complaint attempts to state a policy claim, it again fails. Although a private entity, proposed defendant Aramark acts under color of state law and therefore may be liable for damages under § 1983 only under the theory announced in *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019). "Prevailing on such a claim requires evidence that [an Aramark] policy, practice, or custom caused" the constitutional violation alleged. *Id.* Because the Court has held that the facts in the proposed amended complaint do not allege a constitutional violation, there can be no policy claim.

Therefore, the plaintiff's motion for leave to file amended complaint, dkt. [18], is **denied as futile**, and this action is properly **dismissed** pursuant to 28 U.S.C. § 1915A.

Because the complaint and proposed amended complaint have been dismissed for failure to state a claim, the plaintiff is assessed a strike and notified that upon the receipt of three total strikes, he will not be permitted to proceed *in forma pauperis* in future litigation unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Judgment dismissing this action shall now issue.

**SO ORDERED.**

Date: 3/9/2021

                                                          *James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

5

Distribution:

MARK TYSON
127906
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838